UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7284-CJC (MLG) | Date | June 3, 2008 |
|---|---|---|---|
| Title | Angel Montes v. Linda Sanders, Warden | | |

| Present: The Honorable | Marc L. Goldman, Magistrate Judge | |
|---|---|---|
| Terri Steele | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

None                                 None

**Proceedings:**   In Chambers: Order to Show Cause Why Report and Recommendation Should Not Be Vacated and Petition Should Not Be Dismissed as Moot

Respondent filed a status report on May 30, 2008, describing the impact of the recently enacted Second Chance Act, Pub. L. 110-199 (April 9, 2008) (the "Act") on Petitioner's case. Respondent has demonstrated that the Act and subsequent administrative actions have invalidated the Bureau of Prisons regulations challenged by Petitioner. Respondent has also represented that Petitioner was individually considered for transfer to a Residential Reentry Center under the five factors set out in 18 U.S.C. § 3621(b).[1] Individualized consideration under the five section 3621(b) factors constitutes the full extent of relief that the Court found Petitioner entitled to in its Report and Recommendation of February 21, 2008, which was stayed pursuant to Respondent's objections.

Petitioner is **ORDERED** to show cause on or before June 23, 2008 why the Report and Recommendation should not be vacated and his petition for writ of habeas corpus should not be dismissed as moot. *See Smith v. University of Washington*, 233 F.3d 1188, 1194-95 (9th Cir. 2000). Failure to comply with this order will result in dismissal of the petition.

                                                                                                                :
                                              Initials of Clerk    ts

---

[1] Respondent stated that – after individualized consideration – the original Residential Reentry Center transfer date was determined to be appropriate.